UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD DANIEL PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25 CV 1078 JMB ) |
| ROBERTSON FIRE PROTECTION DISTRICT, JENNIFER GUYTON, STEVE FIELD, and MAGGIE SIEVE, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM and ORDER**

Now pending before the Court is Defendants' Motion to Dismiss (Doc. 11). For the reasons set forth below, the Motion is **GRANTED**.

**I.    Background**

Plaintiff, Todd Phillips, filed a Complaint on July 23, 2025 (Doc. 1 ) alleging claims related to union benefits he claims are due and owing from his former employer, Defendant Robertson Fire Protection District, and its directors, Jennifer Guyton, Steve Field, and Maggie Sieve. Plaintiff states that he was a Fire Chief for the Robertson Fire Protection District from June 2022 to November, 2022 after serving as a firefighter for the preceding 26 years. During that time, he was a dues paying member of the International Association of Fire Fighters, Local Union No. 2665. As of the date his employment terminated, Plaintiff alleges that he had accrued sick leave, personal leave, and vacation time, totaling 2,329 hours, plus an amount in a "VEBA" account. Plaintiff alleges that he is owed $136,770.00 for these hours of benefits which he claims should have been paid after his separation in accordance with "long-standing practice."

In Count I, Plaintiff alleges a 42 U.S.C. § 1983 claim, stating that his First Amendment rights were violated when Defendants withheld payment of accrued benefits because of his association with the Union. Count II also alleges a § 1983 claim; Plaintiff contends that his Fourteenth Amendment equal protection rights were violated by Defendants' failure to treat him similarly to other Union members. Counts III-IV allege state law claims.[1]

After the termination of Plaintiff's employment, Defendants filed a petition in the Circuit Court for the County of St. Louis, Missouri, seeking declarations as to Plaintiff's employment contract and a collective bargaining agreement (CBA) that were entered into shortly before a change in leadership in the fire district. Robertson Fire Protection District v. Todd Phillips and International Association of Eastern Missouri Firefighters, Local 2665, 22SL-CC5097 (hereinafter Phillips I) (Doc. 12-1, 12-2). Defendants alleged that the employment contract and CBA violated various state law including Missouri's Sunshine law, Mo. Rev. Stat. § 610.010, *et seq.* (2004), public policy, and written contract requirements. A subsequent amended petition dropped the claims related to the CBA (Doc. 12-2). Plaintiff filed an answer to that petition but did not file any counterclaims (Doc. 12-3). On December 8, 2023, judgment was entered in favor of Defendants upon a finding that the employment contract was void and unenforceable as a matter of law (Doc. 12-4).

Thereafter, Plaintiff filed a petition in the Circuit Court for the County of St. Louis on July 1, 2024 relating to his termination and alleging that "[a]t the time of Phillips' termination from employment his 2,320 hours of vested benefits was valued at $136,770.00." Phillips v. Robertson

---

[1] Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a)(1) because it does not contain a "short and plain statement of the grounds for the Court's jurisdiction." However, it appears that this Court has federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff alleges claims based on the United States Constitution and supplemental jurisdiction over the state law claims. This Court offers no opinion on the viability of any of Plaintiff's claims.

Fire Protection District, Jennifer Guyton, Steve Field, and Maggie Sieve, 24 SL-CC3074 (hereinafter Phillips II) (Doc. 12-5).  In Phillips II, Plaintiff sought an order directing Defendants to pay his alleged accrued benefits (including the VEBA benefit).  Id.  The Circuit Court dismissed the petition on October 30, 2024 (Doc. 12-6).[2]

**II.     Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted).  Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically

---

[2] Plaintiff claims that the order of dismissal directed him to file suit in this Court.  The one-page order of dismissal only permitted Plaintiff to file an amended petition in that case.  (Doc. 12-6).

attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted). Thus, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). Stated more comprehensively, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)). The documents attached to the parties' pleadings are matters of public record, Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees, 43 S.W.3d 293, 300 (Mo. 2001), are records whose authenticity is unquestioned, and are otherwise subject to judicial notice and will be considered by the Court. Levy v. Ohl, 477 F.3d 988, 991-992 (8th Cir. 2007).

**III.   Discussion**

Both parties agree that Missouri law applies to the circumstances of this case, where Defendants argue that Plaintiff's claims should have been filed as compulsory counterclaims in prior state court litigation. See Bankcard Systems, Inc. v. Miller/Overfelt, Inc., 219 F.3d 770, 773 (8th Cir. 2000). Missouri Supreme Court Rule 55.32(a) states that:

> A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The Rule mirrors Federal Rule of Civil Procedure 13(a). It "functions 'as a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion

of omitted claims.'" Bankcard Systems, Inc., 219 F.3d at 773 (quoting Schoenlaub, 668 S.W.2d at 75); Presson v. Presson, 544 S.W.3d 688, 691 (Mo. Ct. App. 2018) ("The purposes of the Rule 55.32(a) are to discourage separate litigation covering the same subject matter and to require adjudication of such claims in the same action.").

Phillips I specifically concerned the validity of Plaintiff's employment contract and whether he was entitled to any benefits under the contract in light of the termination of his employment. However, the "transaction or occurrence that is the subject matter" of Defendants' claim in Phillips I was the termination of Plaintiff's employment and what compensation he may be entitled to. The parties in Phillips I are identical to the parties in this lawsuit. See, e.g., Oates v. Safeco Ins. Co. of America, 583 S.W.2d 713, 717 (Mo. 1979). Plaintiff's claim in this lawsuit, which seeks the same relief as the petition in Phillips II, that he is entitled to accrued benefits, is related to the termination of his employment, the subject matter of Phillips I. Therefore, such a claim should have been filed as a compulsory counterclaim in Phillips I and Plaintiff's failure to assert that claim means that he cannot now assert the claim in a separate lawsuit. Hemme v. Bharti, 183 S.W.3d 593, 596 (Mo. 2006) ("When a claim is compulsory, you use it or lose it.").

Plaintiff argues that he was not required to file a counterclaim because the subject matter of this case is not "logically connected" to Phillips I. Nonetheless, Plaintiff agrees that Rule 55.32(a) is broadly construed. Thus:

> It is not necessary that the opposing claims be conditional upon each other. And the term "subject matter" does not … limit the scope of compulsory counterclaims to only those claims which are of the same nature or seek the same relief. Rather, the subject matter of the opposing party's action more appropriately "describes the physical facts, the things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted. Obviously, then, "transaction" within the meaning of Rule 55.32 is to be applied in its broadest sense.

Schoenlaub, 668 S.W.2d at 75 (quotation marks and citations omitted). Plaintiff argues that the subject matter of Phillips I was not his employment, termination, and damages flowing therefrom, but rather the viability of his employment contract. This argument is a narrow construction of Rule 55.32(a) and inconsistent with Schoenlaub. While Phillips I ultimately sought a declaratory judgment about Plaintiff's employment contract, the subject matter of Phillips I was his termination and what compensation he may be entitled to as a result thereof. Plaintiff was not only required to assert all claims related to his employment contract, but he was also required to assert all other logically related claims, including that he was entitled to other compensation related to his employment. Accordingly, Plaintiff was obligated to assert that he is entitled to accrued benefits in Phillips I.

Plaintiff's remaining arguments, that Defendants did not mention accrued benefits in the petition in Phillips I, that Defendants failed to attach the subject employment contract, that Plaintiff had "no idea" that his accrued benefits would not be paid, and that Plaintiff's current claims are unrelated to the employment contract, are without merit. There is no case authority that would suggest, or even hint, that Defendants should have preemptively set forth all of *Plaintiff's* compulsory counterclaims in their petition in Phillips I. The details of Plaintiff's employment contract, while relevant to the specific issues in Phillips I, are not relevant to the broader issue of whether Plaintiff's claims against Defendants are compulsory counterclaims. And, while Plaintiff may not have appreciated that he had a claim, it is undisputed that any such accrued benefits were due and owing upon the termination of his employment. "The compulsory counterclaim is a means of bringing together all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims." Dunn Indus. Grp., Inc. v. City of Sugar Creek, 112 S.W.3d 421, 432 (Mo. 2003). Plaintiff's claim that he was owed additional compensation in

relation to his former employment is logically related to Phillips I; failure to assert the claim in that case is fatal to this lawsuit regardless of the legal basis of the claim.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**. This matter is **DISMISSED with prejudice.**

Judgment shall be entered by separate document pursuant to Federal Rule of Civil Procedure 58.

Dated this 16th day of October, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE